**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BLY & SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 05-668-GPM |
| | ) | |
| ETHAN ALLEN INTERIORS, INC., f/k/a | ) | |
| Ethan Allen Manufacturing Corporation, | ) | |
| ETHAN ALLEN, INC., and ETHAN ALLEN | ) | |
| GLOBAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

While the facts that underlie the relationship between the parties may be somewhat in dispute, the history of this matter is straightforward. Plaintiff alleges that on September 3, 2005, Defendants sent Plaintiff, who is an independent retailer of Defendants' furniture, a letter (dated September 2nd) terminating Plaintiff's franchise.[1] Plaintiff alleges that this termination letter was received amidst ongoing negotiations to sell the franchise to Defendants.

On September 14, 2005, Plaintiff filed this action in state court with a motion for preliminary injunction. The action was removed to this Court on September 19th. Plaintiff's complaint alleges fraud by Defendants in the negotiations to sell the franchise (Count I); violation of the Illinois

---

[1]Defendants dispute that their relationship with Plaintiff constitutes a franchise and further dispute that the September 2nd correspondence constitutes a termination letter. However, for consistency throughout this order and the November 8th hearing, the Court, without deciding the issue, will refer to the September 2nd correspondence as "the termination letter."

Franchise Disclosure Act for terminating the franchise without good cause (Count II); violation of the implied covenant of good faith and fair dealing (Count III); and violation of the Illinois Uniform Commercial Code's open price term provision (Count IV). The complaint also contains general breach of contract allegations (Doc. 2, ¶¶ 65-73). The parties came before the Court on September 21st for a preliminary injunction hearing, at which time the parties agreed to continue the motion hearing and to maintain the status quo as it existed prior to September 2, 2005.

On October 19, 2005, Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment, and motion for more definite statement. Defendants move to dismiss this action as moot, or at the very least the Franchise Act claim, because they rescinded the termination letter. As proof of the rescission, they attach a letter from their counsel to Plaintiff's counsel dated September 29th, which begins: "At your request, this is to confirm that Ethan Allen Global, Inc., the Licensor under the License Agreement with Bly & Sons, Inc. ("License Agreement"), rescinds the September 2, 2005 letter from Jack DeKorne to Erik Bly regarding the License Agreement. Bly & Sons, Inc., therefore, remains an Ethan Allen independent retailer pursuant to the terms of License Agreement." (Doc. 16, Ex. E.) Plaintiff's counsel responded by letter dated September 30th, in pertinent part, as follows: "We received your letter of September 29, 2005 wherein you purport to 'rescind the September 2, 2005 letter from Jack DeKorne to Erik (sic) Bly regarding the License Agreement.' With all due respect, we view this development as merely a cosmetic move, calculated to posture your client's position more favorably for the coming jury trial. Your client's past actions, taken as a whole, have terminated Bly & Sons ability to continue its business indefinitely into the future." (Doc. 23, Ex. A.) This matter came before the Court on November 8, 2005, for a hearing on Defendants' motions.

Illinois Franchise Disclosure Act

As an initial matter, Plaintiff argues that the Court should not consider Defendants' counsel's September 29th letter attached to Defendants' motion because (1) matters outside the pleadings are not proper for consideration on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and (2) if such matters are considered, the motion is converted to a Rule 56 motion, and Plaintiff should be given an additional opportunity to respond.  It is clear from the letters from both parties' counsel that negotiations are ongoing.  What is important here is that both sides have been given an opportunity to explain their position regarding the rescission.  Therefore, the Court will consider the motion under Rule 56 for the limited purpose of considering counsel's letters of September 29th and 30th (Doc. 16, Ex. E and Doc. 23, Ex. A).  The Court rejects Plaintiff's argument set forth during the hearing that it needs additional time to develop whether Defendants' action was a bona fide rescission made in good faith.

The Franchise Act provides that a franchisor may not terminate a franchise prior to the expiration of its term except for "good cause" as defined in the Act.  815 ILCS 705/19.  During the hearing, the Court focused on Plaintiff's damages under this claim in light of the rescission. Specifically, if in fact Plaintiff had a franchise, it still has one.  When asked repeatedly what damages Plaintiff incurred from September 3rd, the date of receipt of the termination letter, until the rescission, counsel was unable to specify any particular damages.  However, after the hearing, Plaintiff filed a supplement, pointing out that attorney fees and costs are available under the Franchise Act and that Plaintiff has incurred fees in pursuing this action, including appearing in Court on the motion for preliminary injunction.  Defendants move to strike Plaintiff's supplement as improper continuation of argument without leave of Court.  Defendants' motion to strike (Doc.

25) is denied, and the Court construes Plaintiff's filing as a request for leave to supplement its response to the Court's specific questioning during the hearing.  Plaintiff is correct that the Franchise Act provides that "[e]very franchisee in whose favor a judgment is entered in an action brought under this Section shall be entitled to the costs of the action including, without limitation, reasonable attorney's fees."  815 ILCS 705/26.  In fact, Plaintiff seeks such costs and fees in the complaint (Doc. 2, p. 16).  Therefore, the rescission of the termination letter does not render Plaintiff's franchise claim moot.  It does, however, limit damages to costs and attorney fees from September 3rd to the date of rescission.

Fraud

Defendants argue that Plaintiff has not identified with particularity (1) the alleged material misrepresentation that is the basis of its fraud claim and (2) damages resulting from the alleged fraud.  In response, Plaintiff states that its fraud claim arises out of two letters sent to it by Defendants purporting to set forth the terms under which Defendants would be willing to acquire Plaintiff's assets.  During the November 8th hearing, Plaintiff described these as "phony offer letters."  These letters are dated June 21, 2005, and July 11, 2005, and are attached as Exhibit B to Defendants' motion (Doc. 16).

The complaint specifically references the June 21, 2005, letter outlining the terms under which Defendants would purchase Plaintiff's assets and lease its stores and warehouses and states that Defendants represented to Plaintiff that they were "providing this document in good faith and pursuant to legitimate negotiations to purchase" Plaintiff's assets and lease its stores and warehouses (Doc. 2, ¶¶ 77-78).  Plaintiff further alleges that Defendants' representation was false and that Defendants knew that it was false because they intended to use an offer to sell from Plaintiff as a

pretext for terminating Plaintiff's franchise (*Id*. at ¶ 79).  Plaintiff alleges that Defendants "fraudulently induced Bly & Sons to make its offer to sell of August 24, 2005, intending to use the counteroffer as a pretext to terminate Bly & Sons' status as an Ethan Allen retailer as a further effort to force Bly & Sons to sell its assets to Ethan Allen at a discounted price" (*Id*. at ¶ 74).

Plaintiff's claim is based on a fraudulent scheme theory (*see* Doc. 19, p. 10).  Plaintiff claims that the purpose for the negotiations in the first instance was to induce Plaintiff to make its counteroffer of August 24th, which, in issuing the September 2nd termination letter, Defendants deemed an intention to withdraw from the Ethan Allen retail network (*see Id*. at ¶¶ 50-74).  Plaintiff theorizes that this was Defendants' intention from the beginning – to induce Plaintiff to do something to give Defendants arguable grounds for terminating the franchise.  The problem with Plaintiff's theory is that it is not actionable fraud under Illinois law.  To be actionable, an alleged misrepresentation must be a statement of fact.  *Mother Earth, Ltd. v. Strawberry Camel, Ltd.*, 390 N.E.2d 393, 403 (Ill. App. Ct. 1979) (distinguishing between representations regarding past income, which are facts and therefore actionable, and representations regarding future income, which are opinion and therefore not actionable).  Plaintiff argues in its response to Defendants' motion that "*implicit* in the offer letters was the statement that the letters were genuine and were being presented as part of a good faith negotiating process" (Doc. 19, p. 10 (emphasis added)).  Plaintiff relies upon *Blair v. Supportkids, Inc.*, 222 F. Supp. 2d 1038 (N.D. Ill. 2002), for the proposition that the June 21, 2005, letter itself was a fraudulent misrepresentation because Defendants intended for it to mislead Plaintiff.  *Supportkids* involved unauthorized notices of garnishment sent to the plaintiffs' employers stating that the plaintiffs owed specific amounts of back child support.  The fraud claims were allowed to proceed in that case because the complaint alleged that the documents were sent

stating the amounts owed and further alleged that the documents were false because neither plaintiff owed any back child support.  222 F. Supp. 2d at 1043.  This is easily distinguishable from Plaintiff's alleged reliance on Defendants' *implicit* statement in the June 21st letter that the document was being provided in good faith and pursuant to legitimate negotiations to purchase Plaintiff's assets and lease its stores and warehouse.  Plaintiff has failed to state an actionable claim for fraud; accordingly, its fraud claim is dismissed without prejudice.[2]

### Implied Covenant of Good Faith and Fair Dealing

The Illinois Uniform Commercial Code (U.C.C.) provides that "[e]very contract or duty within this Act imposes an obligation of good faith in its performance or enforcement."  810 ILCS 5/1-203.  The comments to this provision provide guidance on its interpretation.

> This section does not support an independent cause of action for failure to perform or enforce in good faith. Rather, this section means that a failure to perform or enforce, in good faith, a specific duty or obligation under the contract, constitutes a breach of that contract or makes unavailable, under the particular circumstances, a remedial right or power. This distinction makes it clear that the doctrine of good faith merely directs a court towards interpreting contracts within the commercial context in which they are created, performed, and enforced, and does not create a separate duty of fairness and reasonableness which can be independently breached.

*See* PEB Commentary No. 10, dated February 10, 1994 [Uniform Laws Annotated, UCC, APP II, Comment 10].  Plaintiff alleges that "[v]arious actions of Ethan Allen in exercising its discretion under the contract as set forth in this Complaint – including, but not limited to its actions taken in complete disregard of Bly & Sons' contractual expectations with respect to advertising, pricing, and

---

[2]Regarding Defendants' alternate argument, Plaintiff has sufficiently alleged its damages under this claim.  It claims to have been damaged by Defendants' "false representation, as it spent money to craft its offer to sell and then was subjected to termination when it submitted its offer" (Doc. 2, ¶ 82).  Specifically, Plaintiff alleges that to properly consider Defendants' offer, it "had to hire [an] attorney, an investment banking firm, and an MAI real estate appraiser to advise it" (*Id*. at ¶ 52).

management of warranty claims, its termination of Bly & Sons' credit, and its termination of Bly & Sons' franchise – were undertaken in bad faith and breached Ethan Allen's contract with Bly & Sons and violated 810 ILCS 5/1-203" (Doc. 2, ¶ 96). Defendants move to dismiss all contract claims related to the termination of the License Agreement because of the rescission of the September 2nd termination letter.

Plaintiff's purported claim for "violation of the implied covenant of good faith and fair dealing" under the Illinois U.C.C. cannot stand, as that provision does not provide an independent cause of action. Plaintiff's allegations do assert common law breach of contract claims, however, and the Court construes Count III to assert such claims. As set forth above with respect to the Franchise Act claim, the Court is concerned with what damages can be proved for breach of contract related to termination in light of the rescission. Because costs and attorney fees are not allowed on Plaintiff's contract claims, the argument that Plaintiff promulgated in its supplement (Doc. 23) fails as it relates to these claims. Plaintiff has failed to show any damages incurred by any breach of contract as it relates to termination of the License Agreement. Accordingly, Plaintiff's breach of contract claims related to the termination of the License Agreement are dismissed as moot.

<u>Open Price Term Provision</u>

The Illinois U.C.C. includes a section governing open price terms, which applies when parties make an agreement, intending that it be binding, but leave the price term open. 810 ILCS 5/2-305. Subsection 2 deals with the situation where the price is to be fixed by one party and expressly provides that the price so fixed must be fixed in good faith. 810 ILCS 5/2-305(2). Plaintiff alleges that the contract between it and Defendants vested Defendants with the discretion for setting the wholesale prices at which Plaintiff purchased furniture from Defendants (Doc. 2,

¶ 101).  Plaintiff further alleges that Defendants did not set the wholesale prices in good faith and that it paid commercially unreasonable prices for goods purchased from Defendants in breach of the contract and in violation of 810 ILCS 5/2-305(2) (*Id*. at ¶¶ 103-104).

As set forth above with respect to Count III, Defendants move to dismiss only the contract and U.C.C. claims related to the termination of the License Agreement.  Plaintiff's allegations in Count IV involve wholesale pricing and do not relate to the termination of the License Agreement.  Therefore, the rescission of the termination letter has no effect on this claim.  At this point in the litigation, this claim must proceed.  *See generally Weisberg v. Handy & Harman*, 747 F.2d 416, 420 (7th Cir. 1984) ("the focus of any inquiry into the contract should be whether Handy & Harman acted in good faith under § 2-305(2), not on whether Handy & Harman cooperated with a third party").

Motion for More Definite Statement

Defendants ask the Court to require Plaintiff to plead specifically which Defendant(s) committed which act(s) rather than referring to them collectively as "Ethan Allen" to enable them to respond to the allegations.  Plaintiff responds that the corporate structure is not entirely clear.  For example, the Vice President of Ethan Allen Global, Inc., Jack DeKorne, appeared to act on behalf of Ethan Allen Retail, Inc., and Global in the September 2nd termination letter by rejecting Plaintiff's August 24th counteroffer and terminating the License Agreement (Doc. 19, p. 15).

"Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of."  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).  Plaintiff's claims are clear, and Defendants are, or should be, aware of their corporate structure.  Therefore, they better than anyone should know against whom Plaintiff's claims are lodged.  "Complaints

initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later." *Id*.  Discovery will reveal what Defendants claim they do not know.  The complaint is sufficient under Federal Rule of Civil Procedure 8.

Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Doc. 16), which is construed as a motion for summary judgment for the limited purpose of considering counsel's letters of September 29th and 30th (Doc. 16, Ex. E and Doc. 23, Ex. A), is **GRANTED in part and DENIED in part**.  Plaintiff's fraud claim is dismissed without prejudice.  Plaintiff's breach of contract claims related to termination of the License Agreement are dismissed as moot.  While Plaintiff's Illinois Franchise Disclosure Act claim is not moot, any damages thereon are limited to costs and attorney fees from September 3rd to the date of rescission of the termination letter.  Defendants' motion for more definite statement (Doc. 16) is **DENIED**.  Defendants' motion to strike (Doc. 25) Plaintiff's supplement is **DENIED**.

**IT IS SO ORDERED.**

DATED:  01/19/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge